Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

OCT 23 PM 2: 11

CLERK OF COURT
BY

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM

vs.

MANNIX FRANK SONGENI,

aka Frak Max, aka Mannix Songine, and aka

Max

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0246-08**

**DECISION AND ORDER**
**(Defendant's Motion to Exclude Testimony and Compel Discovery)**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 20, 2009, for a hearing on Mannix Frank Songeni's ("Defendant") Motion to Exclude Testimony and Compel Discovery. Attorney Pablo M. Aglubat appeared on behalf of Defendant. Attorney Sally Tobin appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

The People of Guam vs. Mannix Frank Songeni, CF0246-08
Decision and Order – Motion to Exclude and Compel Discovery

Page 1 of 9

## BACKGROUND

On June 5, 2008, the grand jury handed down an indictment charging the Defendant with First Degree Criminal Conduct (As a First Degree Felony) in violation of 9 G.C.A. 25.15(a) and Child Abuse (As a Misdemeanor). The charges arise from alleged events occurring on August 9, 2007. Defendant allegedly caused his penis to enter A.M.'s ("the Victim") vagina. The Victim was seven years old at the time of the alleged incident.

On August 9, 2007, Healing Hearts Crisis Center (HHCC) conducted a forensic examination of the Victim neither confirming nor discrediting the allegations of a First Degree Criminal Sexual Conduct was perpetrated by Defendant upon the Victim. In addition, Leticia Piper ("Piper"), a social worker at HHCC, interviewed the Victim, in which the Victim identified Defendant had performed "nasty stuff" on her. Defendant's Declaration Exhibit A (September 28, 2009).

On September 28, 2009, Defendant filed a Motion to Exclude Testimony and to Compel Discovery. On October 20, 2009, the People filed an Opposition to Defendant's Motion. On October 20, 2009, the Court heard oral arguments from both Defendant and the People. The Court now addresses Defendant's Motion to Exclude Testimony and to Compel Discovery.

## DISCUSSION

### I.      Motion to Exclude Testimony

Defendant argued that the Victim's statement to Piper was not made for the purposes of a medical diagnosis under the hearsay exception of Guam Rules of Evidence 803(4). Defendant's Motion at 2 (September 28, 2009). The People argued that HHCC provides services to victims of sexual assault, and part of HHCC services is to determine the most appropriate assistance to their clients. The People's Opposition at 2 (October 20, 2009). The Guam Rules of Evidence define hearsay as "statement, other than one made by the declarant while testifying at the trial or

hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c). "Hearsay is not admissible except as provided . . . by these rules . . . ." GRE Rule 802.

The Confrontation Clause does not bar the use of all hearsay statements. Additionally, whether the Victim was unavailable is irrelevant for the purposes of the Clause. The Supreme Court held in White v. Illinois, 502 U.S. 346, 112 S.Ct 736 (1992), that unavailability of the declarant is not constitutionally required. What the Constitution does require is that the hearsay statements "bear [] adequate 'indicia of reliability.'" Idaho v. Wright, 497 U.S. 805, 815, 110 S.Ct 3139, 3146 (1990). The Wright Court held that the reliability requirement can be met in either two ways: "where the hearsay statement 'falls within a firmly rooted hearsay exception,'" or where it is supported by 'a showing of particularized guarantees of trustworthiness.'" 497 U.S. at 816, 110 S.Ct at 3147. The Court determines that the Victim's statement to Piper "falls within a firmly rooted hearsay exception." Id. Therefore, the Court will deny Defendant's Motion to Exclude Testimony.

## a. Piper's Interview with the Victim is Admissible under Rule 803(4)

Defendant argued that the Victim's statement to Piper was not made for the purposes of a medical diagnosis under the hearsay exception of Guam Rules of Evidence 803(4). Defendant's Motion at 2 (September 28, 2009). The Guam Rule of Evidence Rule 803 provides exceptions to the exclusion of hearsay evidence. Under Rule 803(4), "[s]tatements for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

In Williamson v. Haviland, a social worker from the Department of Children and Family Services conducted an interview and history report with the victim sexual assault. 2006 WL

287991, * 4 (N. D. Ohio 2006). The social worker then used the information obtained to refer the victim to a physician. Id. The physician examined the victim and used the information gathered by the social worker in his assessment. Id. The Court in Williamson determined that the social worker statements were admissible under the medical treatment hearsay exception. Id. "[S]tatements made for the purpose of medical diagnosis or treatment fall within a firmly rooted hearsay exception." Id. (citing White, 502 U.S. at 355 n. 8, 112 S.Ct. 736).

In the instant case, Piper is a social worker for HHCC. Defendant's Declaration Exhibit A (September 28, 2009). Piper interviewed the Victim and compiled the Victim's responses under the heading "INTAKE COMMENTS." Id. Piper did not ask leading questions. See Id. The Victim was able to state that she was sexually assaulted and who had sexually assaulted her. Id. Piper made recommendations of what types of services the Victim needed as a result of the interview. Piper determined that the Victim needed to "undergo an acute examination due to skin-to-skin contact of clt's vaginal area." Id. The Court determines that the interview Piper conducted with the Victim was used for the purpose of medical diagnosis or treatment, and falls firmly within the hearsay exception of Rule 803(4). See Wright, 502 U.S. at 355 n. 8, 112 S.Ct. 736. Therefore, the Court will deny Defendant's Motion to Exclude Testimony.

**b. The Victim's Identification of Defendant as Perpetrator to Piper and Nurse is Admissible under Rule 803(4)**

Defendant argued that the Victim's Identification of him to Piper is inadmissible, even if Rule 803(4) were applicable, because statements of the identity of the perpetrator are irrelevant to the medical diagnosis and treatment. Defendant's Motion at 3 (September 28, 2009). Statements of fault would not ordinarily be admissible under the medical examination exception. U.S. v. George, 960 F.2d 97, 99 (9th Cir. 1992). Nevertheless, there are circumstances to allow a victim's identification of a sexual abuser under Rule 803(4). Id. The proper question to ask is

"whether the statements are 'made for purposes of medical diagnosis or treatment' and are 'reasonably pertinent to diagnosis or treatment.'" Id. (citing Fed. R. Evid. 803(4)).

In George, the appellant in that case argued that statements identifying an assailant do not fall within the medical examination exception. Id. The Court determined that sexual abuse involved not only physical injury, but also emotional and psychological injuries, and in order for a medical provider to properly treat the victim, the medical provider often requires the identity of the abuser. Id. (citing United States v. Renville, 779 F.2d 430, 437 (8th Cir. 1985). Depending on the nature of the sexual assault, the identity of the abuser may be pertinent to the diagnosis and treatment of sexually transmitted diseases. George, 960 F.2d, 99.

The Victim was interviewed Piper. Defendant's Declaration Exhibit A (September 28, 2009). During the course of the interview, the Victim identified the Defendant as the perpetrator. Id. The Court determined that the interview is admissible under Rule 803(4). The Court further determines that the Victim's identification of Defendant as the perpetrator is pertinent to the diagnosis and treatment of the Victim as a result of the sexual assault. George, 960 F.2d, 99. The Court finds that the Victim's identification aids HHCC to determine what types of services that are needed, for example, testing sexually transmitted diseases; and is admissible under Rule 803(4). Therefore, the Court will deny Defendant's Motion to Exclude Testimony.

**c. Nurse's Notations on the Records not Vouching for the Victim's Credibility**

Defendant argued that the nurse should not be allowed to give her opinion in any aspect whether sexual abuse occurred. Defendant's Motion at 3-4 (September 28, 2009). A witness qualified as an expert may testify on the basis of "scientific, technical, or other specialized knowledge" if the testimony "will assist the trier of fact to understand the evidence of to determine a fact issue." GRE Rule 702. The admission of scientific testimony involves two

related inquiries. The first is whether the scientific principle or theory from which the testimony is derived has garnered general acceptance in the relevant scientific community under the standard in Frye v. United States. 293 F. 1013, 1014 (D.C. Cir. 1923). The second inquiry is whether the expert testimony is properly admissible under Guam Rules of Evidence Rule 702. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). Testimony is only allowed by properly qualified experts if the testimony is "the product of reliable principles and methods . . . applied the principles and methods reliably to the facts of the case." GRE 702.

An expert's opinion on an ultimate issue of fact that is "based solely on the expert's perception of the witness' truthfulness" is unfairly prejudicial and thus inadmissible because it takes an ultimate issue of fact from the jury. State v. Alexander, 64 Wash.App. 147, 154, 822 P.2d 1250 (Wash. App. 1992). "An expert may not go so far as to usurp the exclusive function to the jury to weigh the evidence and determine credibility." State v. Fitzgerald, 39 Wash.App. 652, 657, 694 P.2d 1117 (Wash. App. 1985).

In State v. Carlson, a medical expert examined the child; the medical expert testified that there were no physical findings from which to conclude the child had been sexually abused; and nevertheless the medical expert testified that the child had been sexually abused based on the child's statements in the assessment interview. 80 Wash.App. 116, 118, 120-122, 906 P.2d 999 (Wash. App. 1999). The court in Carlson noted the obvious that the State offered the expert's opinion not to prove the child's credibility, but to prove the child had been sexually abused. Id. at 123, 906 P.2d 999. The Court concluded the requirements of Frye had not been met and the opinion was inadmissible. Id. at 125, 906 P.2d 999.

The People have not stated they planned on calling HHCC's nurse – who performed the physical examination of the Victim – as an expert witness. In addition, the Pediatric Referral Form did not contain an opinion from HHCC's nurse concluding that the Victim was sexually assaulted. See Defendant's Declaration Exhibit C (September 28, 2009). The Pediatric Referral Form contains a section titled "HISTORY OBTAINED," and under that title a check mark was next to "Positive for sexual abuse." Id. Defendant argued that this indicates the HHCC's nurse's opinion that the Victim was sexually assaulted, and thus, should be excluded. Defendant's Motion at 3-4 (September 28, 2009). The Court disagrees. The Pediatric Referral Form contains a section titled "PHYSICAL FINDINGS," and under that title a check mark was next to "Negative physical findings." Defendant's Declaration Exhibit C (September 28, 2009). But more importantly, the Pediatric Referral Form further reads that "a normal genital exam can neither confirm nor negate sexual [] abuse." Id. The Court determines that the Pediatric Referral Form prepared by HHCC's nurse did not contain an opinion that the Victim was sexually assaulted. Therefore, the Court will deny Defendant's Motion to Exclude Testimony.

## II.    Motion to Compel

Defendant argued that the Court should order the People to turn over any results of any forensic examinations on swabs, suspected semen and control swabs, and if there are none, whether the government intends to have them tested and what the nature and purpose of any forensic tests that will be conducted. Defendant's Motion at 4 (September 28, 2009). The People state they cannot produce any forensic examination results because none have been conducted on these samples. The People's Opposition at 4 (October 20, 2009). Under Guam law, a prosecuting attorney must disclose to the defendant's attorney "any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific

test, experiments or comparisons . . . ." 8 G.C.A. § 70.10(a)(3). The prosecuting attorney must tender any material and information within her "possession or control, the existence of which is known, or by existence of due diligence may become known to the prosecuting attorney." 8 G.C.A. § 70.10(a).

The People have stated to Defendant and to the Court that no forensic examinations have been conducted on the swabs, suspected semen, and control swabs. The People's Opposition at 4 (October 20, 2009); Motion Hearing at 3:59 p.m. (October 20, 2009). The People argued that forensic examinations cannot be completed due to the fact that a reference sample was not obtained from Defendant. The People's Opposition at 4 (October 20, 2009); Motion Hearing at 4:01 p.m. (October 20, 2009). The Court determines that the People have not conducted any tests on the swabs, suspected semen and control swabs; thus, there are no test results to disclose to Defendant.

Defendant also argued the People must disclose what are the exact contents of the GPD Sexual Assault Kit #689. Defendant's Motion at 4 (September 28, 2009); Motion Hearing at 4:03 p.m. (October 20, 2009). The GPD Sexual Assault Kit #689 contains physical examination evidence. Defendant's Declaration Exhibit E (September 28, 2009). The physical examination evidence contained in the GPD Sexual Assault Kit #689 was collected from the Victim on August 9, 2007. Id. The Guam Police Department Evidence/Property Custody Record vaguely describes what is contained in the GPD Sexual Assault Kit #689 as "containing physical examination evidence," but a tape-seal envelope – listed immediately after the GPD Sexual Assault Kit #689 - inventories the contents as being "two (2) labeled cards containing blood samples." Id. The Court determines that clarification is needed as to what exactly is contained in

the GPD Sexual Assault Kit #689. Therefore, the Court will grant Defendant's Motion to Compel regarding the contents of the GPD Sexual Assault Kit #689.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Exclude Testimony, but GRANTS Defendant's Motion to Compel Discovery regarding the contents of the GPD Sexual Assault Kit #689.

**SO ORDERED** this _23_ day of _OCT._, 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

OCT 23 2009

*Enrique F. Aflague, Jr.*
Deputy Clerk, Superior Court of Guam

The People of Guam vs. Mannix Frank Songeni, CF0246-08
Decision and Order – Motion to Exclude and Compel Discovery

Page 9 of 9